UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN DEMARCO WEATHERSPOON,

               Petitioner,

v.                                           CASE NO. 18-cv-13872

                                           HON. AVERN COHN

O.T. WINN,

               Respondent.

_____/

## ORDER GRANTING PETITIONER'S MOTION FOR A STAY (Doc. 10) <u>AND</u> <u>CLOSING THIS CASE FOR ADMINISTRATIVE PURPOSES</u>

I.

     This is a habeas case under 28 U.S.C. § 2254. <u>Pro</u> <u>se</u> petitioner Kevin DeMarco Weatherspoon challenges his state court conviction for criminal sexual conduct (CSC) in the first degree, Mich. Comp. Laws § 750.520b. Before the Court is Petitioner's motion for a stay and to hold his petition in abeyance. (Doc. 10). For the reasons which follow, the motion will be granted.

II.

     Petitioner was arrested on the CSC charge while he was on parole for a prior conviction. In January of 2016, he pleaded no contest to one count of first-degree CSC, and was sentenced Petitioner to prison for thirteen to twenty years, consecutive to the sentence that he received for violating parole. Petitioner moved to withdraw his plea, to vacate his conviction, and to receive sentencing credit. The trial court denied relief.

     Petitioner then raised his current claims in applications for leave to appeal. The

Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented, see People v. Weatherspoon, No. 335698 (Mich. Ct. App. Mar. 7, 2017) (unpublished), and on September 12, 2017, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the questions presented to it. See People v. Weatherspoon, 901 N.W.2d 109 (2017).

Petitioner then filed the instant petition, raising the following claims: (1) he is entitled to withdraw his plea because he did not understand that his maximum sentence for the CSC conviction would be stacked on top of the maximum sentence for his previous conviction and (2) his current conviction should be vacated, or he is entitled to sentencing credit, due to pretrial delay.

In his pending motion, which the State has not opposed, Petitioner requests a stay of his federal case while he returns to state court and pursues state remedies for several new claims. The new claims pertain to Petitioner's trial and appellate attorneys, newly-discovered evidence of "text" messages, and other matters currently being investigated and compiled. (Doc. 10, p. 1 and unnumbered pp. 3-4).

III.

The doctrine of exhaustion of state remedies requires state prisoners to give the state courts an opportunity to act on their claims before they present their claims to a federal court in a habeas corpus petition. See 28 U.S.C. § 2254(b)(1), (c); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). This requirement is satisfied if the prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court "when that review

is part of the ordinary appellate review procedure in the State." O'Sullivan, 526 U.S. at 845, 847.  Thus, to properly exhaust state remedies, a prisoner must fairly present the factual and legal basis for each of his claims to the state court of appeals and to the state supreme court before raising the claims in a federal habeas corpus petition. Wagner v. Smith, 581 F.3d 410, 414-15 (6th Cir. 2009).

Petitioner has exhausted state remedies for his present claims, but he seeks to raise other claims that have not been presented to the state courts, and he appears to have an available state remedy to exhaust.  See Subchapter 6.500 of the Michigan Court Rules, governing the procedures for post-appeal relief.  A dismissal of this case while Petitioner pursues additional state-court remedies could result in a subsequent habeas petition being barred by the one-year statute of limitations, 28 U.S.C. § 2244(d). The Supreme Court, however, has approved a "stay-and-abeyance" procedure that allows district courts to stay a federal proceeding and to hold a habeas petition in abeyance while the petitioner pursues state remedies for his unexhausted claims.  See Rhines v. Weber, 544 U.S. 269, 275 (2005).  After the prisoner exhausts his state remedies, the federal court can lift its stay and allow the petitioner to proceed in federal court.  Id. at 275-76.

Petitioner's unexhausted claims are best first addressed and decided by the state courts.  The Court anticipates no prejudice to Respondent in staying the petition. Nothing in the record suggests that Petitioner engaged in intentionally dilatory tactics. In addition, it does not appear that Petitioner's claims are not "plainly meritless." Therefore, a stay is appropriate.

IV.

Accordingly, Petitioner's motion to stay is GRANTED. The petition is STAYED

pending completion of Petitioner's state application for post-conviction review. This stay

is conditioned upon Petitioner filing his motion for relief from judgment within sixty (60)

days of this order and then filing a motion to lift the stay and an amended habeas

petition (using the case number already assigned to this case) within sixty (60) days

after the conclusion of the state court post-conviction proceedings. See Rhines v.

Weber, 544 U.S. 269, 278 (2005)

To avoid administrative difficulties, the Clerk of Court shall CLOSE this case for

statistical purposes only. Nothing in this order or in the related docket entry shall be

considered a dismissal or disposition of this matter.

SO ORDERED.


S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  8/9/2019
        Detroit, Michigan